UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL OLYMPIC COMMITTEE, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3277 |
| | § | |
| STEPHEN P. FRAYNE JR., *et al*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before this Court is Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 24.) Plaintiffs, the International Olympic Committee ("IOC") and the United States Olympic Committee ("USOC"), bring this action under the Ted Stevens Olympic and Amateur Sports Act (Count I)[1], the Anticybersquatting Consumer Protection Act (Count II), the Lanham Act (Counts III and IV), and the Texas Business and Commercial Code (Count V), alleging that Defendants have registered and stockpiled hundreds of internet domain names in order to exploit, for commercial gain, the goodwill that Plaintiffs have developed in the Olympic Games. At a hearing on May 4, 2016, this Court denied the Motion to Dismiss as to Count II of the Complaint, finding that Plaintiffs have stated a claim for relief under the Anticybersquatting Consumer Protection Act. After considering the submissions and arguments of the parties and the applicable law, the Court determines that the Motion to Dismiss must be granted with respect to Counts I, III, IV, and V.

---

[1] Under the Federal Rules, the proper term is "claim for relief," but the Court will follow the parties' usage of "Counts" for clarity.

I.  **BACKGROUND**

In deciding the Motion to Dismiss, the Court accepts the following factual allegations, asserted by the non-movant, as true. Plaintiff IOC is an international, non-governmental, non-profit organization that serves as the umbrella organization of the "Olympic Movement." (Doc. No. 1, at 4.) Plaintiff OASA is the United States organization that is granted exclusive use of Olympic names and insignia under the Ted Stevens Olympic and Amateur Sports Act. (*Id.*) The Olympic Games are organized so as to be held in even-numbered, four-year intervals. (*Id.* at 5.) Beginning in 1992, the Summer and Winter Olympic Games were staggered, so that an event occurred every two years. (*Id.*) Following this staggered pattern, the Summer Olympic Games continue to be held four years apart on even-numbered years, as are the Winter Olympic Games. (*Id.*) For more than one hundred years, IOC has used names combining the city name and the even-numbered year of the event to designate and differentiate each Olympic Games. (*Id.*)

Defendants Stephen Frayne, Jr. and CityPure L.C.C. have registered hundreds of internet domain names that incorporate a city name followed by a year in which the Olympic Summer Games will be held, for example, "LosAngeles2024.org" and "MexicoCity2028.com." According to the Complaint, "in 2014, when Plaintiff IOC attempted to acquire Tokyo2020.com for use by the Tokyo Organizing Committee in connection with the Tokyo2020 Olympic Games, its efforts were blocked by Defendants' prior registration of that domain name." (*Id.* at 11.)

The Complaint states:

> The IOC then discovered a videotaped pitch Defendant Frayne made to potential investors at the Rice University's Technology Venture Forum. In this video, posted online, Defendant Frayne admitted that he 'make[s] money by monetizing the world-wide tremendous interest in the Olympics' and that he purposely purchased almost every domain name following the Olympic City/Year 'naming pattern.' He claimed there was 'money to be made' online through websites providing housing, tickets, and other services related to the Olympic Games, and that he provides 'all those sorts of services.'

> He claimed to have already raised $455,000 from investors for this scheme, and noted that '[i]n the coming round, [he is] looking to raise 300,000 dollars more.'"

(*Id.* ¶35.) However, the Complaint also states that the domain names are not being used to advertise goods or services. (*Id.* at 13.) The web page Tokyo2020.com redirects to citypure.org, which simply displays the message: "A Balanced Discussion. Hosted at http://www.tokyo2020.com courtesy of CityPure L.L.C." (*Id.* at 12.) The other web pages all redirect to Defendant Frayne's website, http://citypure.org/forbidden/, which contains no content. (*Id.*)

## II. LEGAL STANDARDS

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than a "sheer possibility" that a defendant has acted unlawfully. *Id.*

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-

pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 678 (citation omitted). The court should not "strain to find inferences favorable to the plaintiffs" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). The court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

As for a motion to dismiss for lack of subject-matter jurisdiction, "[a] case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A finding that the court lacks subject matter jurisdiction may be based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### III. ANALYSIS

With the exception of Count II, all of Plaintiffs' claims for relief require a finding that Defendants have used the domain names for the purpose of trade or to induce the sale of goods or services, or for use in commerce. Count I of the Complaint alleges violations of the Ted Stevens Olympic and Amateur Sports Act, which authorizes civil actions "if the [defendant], without the consent of the corporation, uses for the purpose of trade, to induce the sale of any

goods or services, or to promote any theatrical exhibition, athletic performance, or competition . . . any trademark, trade name, sign, symbol, or insignia falsely representing association with, or authorization by, the International Olympic Committee . . . ." 36 U.S. Code § 220506(c). Count V alleges violations of the Texas Business and Commercial Code § 16.105, which similarly prohibits the use of Olympic trademarks or insignia "for the purpose of trade, to induce the sale of sale of goods or services, or to promote a theatrical exhibition, athletic performance, or competition." Counts III and IV of the Complaint allege violations of Sections 43(a) and 32 of the Lanham Act, respectively, both of which require a "use[] in commerce." 15 U.S.C. § 1125(a); 15 U.S. Code § 1114.

Although Plaintiffs have pled that Defendants used the domain names to solicit investments, the pleadings do not include sufficient facts to show that Defendants have used the domain names "for the purpose of trade or to induce the sale of any goods or services," or "for use in commerce." Soliciting investments, without more, is not sufficient to bring Defendants within the reach of either the Olympic statutes or the relevant sections of the Lanham Act. *See, e.g.*, *Cottonwood Fin. Ltd. v. Cash Store Fin. Servs., Inc.*, 778 F. Supp. 2d 726, 740 (N.D. Tex. 2011) ("[E]ven if the Court assumes that CSFS's investment solicitation activities constitute advertising, Cottonwood—as it concedes—can state no facts bringing that advertising within the Lanham Act's reach."). To the extend Plaintiffs bring their claims in anticipation of Defendants' future uses of the domain names for such purposes, those claims are not yet ripe.

IV. CONCLUSION

For the foregoing reasons, this Court finds that Plaintiffs have failed to state a claim for relief as to Counts I, III, IV, and V of the Complaint. The Motion to Dismiss as to those Counts

5

is therefore **GRANTED**.  Counts I, III, IV, and V are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 1st day of July, 2016.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE